**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| WILLIAM H. SPOONER, an individual<br><br>    Plaintiff,<br>v.<br><br>THE ASSOCIATED PRESS, INC., a New York not-for-profit corporation and<br>JON KRAWCZYNSKI, an individual,<br><br>    Defendants. | Case No. 0:11-cv-00642-JRT-JJK<br><br>**ANSWER OF DEFENDANTS ASSOCIATED PRESS AND JON KRAWCZYNSKI**<br><br>**JURY TRIAL DEMANDED** |

The Associated Press and Jon Krawczynski, (collectively, "Defendants"), for their Answer to the Complaint, deny the allegations contained in the Complaint, and every part and portion thereof, except as expressly admitted or otherwise qualified herein, and further respond as follows, using the same paragraph numbering and headings employed by the Plaintiff:

**NATURE OF THE ACTION**

1.   The allegations contained in Paragraph 1 of the Complaint are opinions or conclusions of law, such that no response is required. To the extent that any allegations of Paragraph 1 of the Complaint are deemed to require a response, Defendants admit that the Minnesota Timberwolves played a National Basketball Association game against the

1

Houston Rockets on January 24, 2011, at the Target Center in Minneapolis, Minnesota, and that defendant Krawczynski published several comments on Twitter.com in the course of observing and reporting on that game.  Defendants deny the remaining "allegations" contained in Paragraph 1 of the Complaint.

## THE PARTIES

2. Upon information and belief, Defendants admit the allegations in the first sentence of Paragraph 2 of the Complaint and that he officiated at the January 24, 2011, game in Minnesota.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 of the Complaint, and therefore deny them.

3. Defendants admit the allegations of Paragraph 3 of the Complaint.

4. Defendants admit the allegations of Paragraph 4 of the Complaint.

## JURDISDICTION AND VENUE

5. The allegations contained in Paragraph 5 of the Complaint are opinions or conclusions of law, such that no response is required.

6. The allegations contained in Paragraph 6 of the Complaint are opinions or conclusions of law, such that no response is required.

7. The allegations contained in Paragraph 7 of the Complaint are opinions or conclusions of law, such that no response is required.

8.  Defendants admit that a substantial part of the events giving rise to the plaintiff's claim occurred in this District; the remaining allegations of Paragraph 8 of the Complaint are opinions and conclusions of law, such that no response is required.

## THE FACTS

9.  Upon information and belief, Defendants admit the allegations of Paragraph 9 of the Complaint.

10. Upon information and belief, Defendants admit the allegations of Paragraph 10 of the Complaint.

11. Defendants admit that the Donaghy affair was highly publicized, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 of the Complaint, and therefore deny them.

12. Defendants admit that Donaghy's accusations, among other matters, have caused further attention to professional basketball Referees, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 of the Complaint, and therefore deny them..

13. The allegations contained in Paragraph 13 of the Complaint are opinions or conclusions of law, such that no response is required.; to the extent that the allegations of Paragraph 13 of the Complaint are deemed to require a response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and therefore deny them.

14. Defendants admit the allegations of Paragraph 14 of the Complaint.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and therefore deny them.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint, and therefore deny them.

17. Defendants deny the allegations of Paragraph 17 of the Complaint.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and therefore deny them.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint, and therefore deny them.

20. Defendants deny the allegations of Paragraph 20 of the Complaint.

21. Defendants admit the allegations of Paragraph 21 of the Complaint.

22. Defendants admit the allegations of Paragraph 22 of the Complaint.

23. Defendants admit the allegations of Paragraph 23 of the Complaint.

24. Defendants deny the allegations of Paragraph 24 of the Complaint.

25. Defendants admit the allegations of Paragraph 25 of the Complaint.

26. Defendants admit the allegations of Paragraph 26 of the Complaint.

27. Defendants admit the allegations of Paragraph 27 of the Complaint.

28. Defendants admit the allegations of Paragraph 28 of the Complaint.

29. Defendants admit the allegations of Paragraph 29 of the Complaint.

30. Defendants admit the allegations of Paragraph 30 of the Complaint.

31. Defendants admit the allegations of Paragraph 31 of the Complaint.

32. Defendants deny the allegations of Paragraph 32 of the Complaint.

33. Defendants admit the allegations of Paragraph 33 of the Complaint.

34. Defendants admit the allegations of Paragraph 34 of the Complaint.

35. Defendants deny the allegations of Paragraph 35 of the Complaint.

36. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint, and therefore deny them.

37. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint, and therefore Defendants deny them.

38. Defendants admit the allegations of Paragraph 38 of the Complaint.

39. Defendants deny the allegations of Paragraph 39 of the Complaint.

40. Defendants admit that Krawczynski's "tweet" posted on Twitter.com was instantly available to the followers of Krawczynski's Twitter account, both in Minnesota

and across the nation; Defendants deny the remaining allegations of Paragraph 40 of the Complaint.

41. The content of Krawczynski's "tweet," posted at 7:42 p.m. CST, is accurately set forth in Paragraph 38 of the Complaint and speaks for itself; Defendants deny the remaining allegations of Paragraph 41 of the Complaint.

42. Upon information and belief, Defendants admit that plaintiff Spooner was subject to a disciplinary investigation by his employer, the NBA; Defendants deny the remaining allegations of Paragraph 42 of the Complaint.

43. Defendants admit the allegations of Paragraph 43 of the Complaint.

44. Defendants admit the allegations of Paragraph 44 of the Complaint.

45. Defendants deny the allegations of Paragraph 45 of the Complaint.

46. Defendants admit the allegations of Paragraph 46 of the Complaint.

### COUNT I
**(For Defamation against Defendant Krawcynski directly and by *respondeat superior* against Defendant AP)**

47. Defendants replead and incorporate by reference their pleading to all of the prior allegations of the Complaint as though fully set forth herein.

48. Some of the allegations contained in Paragraph 48 of the Complaint are opinions or conclusions of law, such that no response is required. To the extent that any allegations of Paragraph 48 of the Complaint are deemed to require a response, Defendants deny the allegations of Paragraph 48 of the Complaint.

49. Defendants admit that the publication set forth in Paragraph 38 of the Complaint refers to the Plaintiff by name and title and is about him; Defendants deny the remaining allegations of Paragraph 49 of the Complaint.

50. Defendants admit that Defendant Krawczynski's statement was published to third-parties via the Internet on Twitter.com, and deny the remaining allegations of Paragraph 50 of the Complaint.

51. Defendants deny the allegations of Paragraph 51 of the Complaint.

52. The allegations contained in Paragraph 52 of the Complaint are opinions or conclusions of law, such that no response is required. To the extent that any allegations of Paragraph 52 of the Complaint are deemed to require a response, Defendants deny the allegations of Paragraph 52 of the Complaint.

53. Defendants admit that Krawczynski's publication of the "tweet," as set forth in Paragraph 38 of the Complaint, was within the scope of his employment duties for defendant AP and deny the remaining allegations of Paragraph 53 of the Complaint.

54. Defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 54 of the Complaint , and therefore deny them.

55. Defendants deny the allegations of Paragraph 55 of the Complaint.

## PRAYER FOR RELIEF

56.-61. The allegations of paragraphs 56 through 61 of the Complaint are demands for relief, such that no response is required. To the extent that a response is

deemed to be required, Defendants deny the allegations contained in Paragraphs 56 through 61 of the Complaint.

## JURY TRIAL DEMAND

62. The allegations of Paragraph 62 of the Complaint is a demand for a jury trial, such that no response is required.

## FIRST DEFENSE

The statements within the Defendants' challenged publication are true or substantially true and Plaintiff therefore cannot carry his burden of proving that the statements are false.

## SECOND DEFENSE

The Defendants' publication, or portions thereof, are privileged as opinion concerning an ongoing matter of public controversy.

## THIRD DEFENSE

At all times relevant to the Complaint, plaintiff Spooner was a limited purpose public figure.

## FOURTH DEFENSE

The Defendants' publication at issue related to a matter of substantial public interest and concern.

### FIFTH DEFENSE

Defendants acted without malice, in both the Constitutional sense and the common law sense, in all of their conduct relating to the publication at issue.

### SIXTH DEFENSE

Defendants acted without the requisite scienter, in both the constitutional sense and the common law sense, in all of their conduct relating to the publications at issue.

### SEVENTH DEFENSE

Defendants acted without fault as required by the United States Constitution in all of their conduct relating to the publication at issue.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the First and Fourteenth Amendments to the United States Constitution and applicable law.

### NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Minnesota Constitution and by applicable Minnesota law.

### TENTH DEFENSE

Plaintiff has not sustained any actual injury by reason of the conduct of the Defendants.

### ELEVENTH DEFENSE

Defendants' conduct was not the proximate cause of any injury to the Plaintiff.

## TWELFTH DEFENSE

Plaintiff's alleged damages, if any, are the result of his own conduct or the conduct of others beyond Defendants' control and for whom Defendants are not legally responsible.

## THIRTEENTH DEFENSE

Plaintiff has failed to mitigate his damages as required by law.

## FOURTEENTH DEFENSE

The Plaintiff's claims for equitable relief are barred by the doctrines of laches and unclean hands.

## FIFTEENTH DEFENSE

The Plaintiff's prayer for an injunction barring publication of information by the Defendants (a/k/a a "prior restraint") is barred by the First Amendment to the Constitution of the United States.

WHEREFORE, Defendants the Associate Press and Jon Krawczynski request that the Court enter judgment in their favor and against plaintiff, award Defendants their costs, and grant to Defendants such other and further relief as the Court may deem just.

Defendants demand a trial by jury.

Respectfully submitted this 4th day of April, 2011.

By       s/ John P. Borger
John P. Borger, MN #9878
Leita Walker, MN #387095
FAEGRE & BENSON, LLP
90 South 7th Street, Suite 2200
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
FAX: (612) 766-1600
jborger@faegre.com

David A. Schulz (*pro hac vice*)
LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
321 West 44th Street, Suite 510
New York, New York 10036
Telephone: (212) 850-6100
FAX: (212) 850-6299
dschulz@lskslaw.com

Steven D. Zansberg (*pro hac vice*)
LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
1888 Sherman Street, Suite 370
Denver, Colorado 80203
Telephone: (303) 376-2400
FAX: (303) 376-2401
szansberg@lskslaw.com

**ATTORNEYS FOR DEFENDANTS THE ASSOCIATED PRESS and JON KRAWCZYNSKI**

fb.us.6581515.04