UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| William H. SPOONER, an individual<br><br>Plaintiff,<br>v.<br><br>The ASSOCIATED PRESS, Inc.<br>A New York not-for-profit corporation and<br><br>Jon KRAWCZYNSKI, an individual<br><br>Defendants. | Civil No. 11cv00642 JRT/JJK<br><br><br><br>RULE 26(f) REPORT |

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) on or before **May 23, 2011**, and prepared the following report.

The pretrial conference in this matter is scheduled for **June 1, 2011**, at **10:30 a.m.** before United States Magistrate Judge Jeffrey J. Keyes in Courtroom 6A, United States District Court, Warren E. Burger Federal Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

A. DESCRIPTION OF CASE

    (1)    Concise Factual Summary of Plaintiff's Claims;

<u>One claim: Plaintiff, William Spooner, is a professional basketball Official who brings this action for defamation *per se* to his professional reputation resulting from a statement published on Twitter.com during a National Basketball Association game between the Minnesota Timberwolves and the Houston Rockets, held on January 24, 2011, at the Target Center in Minneapolis, Minnesota, that falsely attributed to Plaintiff comments made to the coach of the Timberwolves, Kurt Rambis, that Plaintiff did not in fact make, and stated and implied that Plaintiff was then engaged in fixing the game. This publication was made in the aftermath of the Tim Donaghy affair that scandalized all honest National Basketball Association Referees and the viewing public. Plaintiff seeks to recover damages for defamation *per se* to his professional and business reputation, a declaratory judgment that the Twitter publication constitutes defamation, and an injunction requiring the removal of defamatory statements from the Defendants' Internet postings.</u>

(2)     Concise Factual Summary of Defendant's claims/defenses;

**The statements within the Defendants' challenged publication (the tweet at issue) are true or substantially true and Plaintiff therefore cannot carry his burden of proving that the statements are materially false. The Defendants' publication, or portions thereof, are privileged as opinion concerning an ongoing matter of public controversy. At all times relevant to the Complaint, plaintiff was a limited purpose public figure, and the Defendants' publication at issue related to a matter of substantial public interest and concern. Defendants acted without malice, in both the Constitutional sense and the common law sense, in all of their conduct relating to the publication at issue. Defendants acted without the requisite scienter, in both the constitutional sense and the common law sense, in all of their conduct relating to the publications at issue. Defendants acted without fault as required by the United States Constitution in all of their conduct relating to the publication at issue. Plaintiff's claims are barred, in whole or in part, by the First and Fourteenth Amendments to the United States Constitution and applicable law and by the Minnesota Constitution and applicable Minnesota law. Plaintiff has not sustained any actual injury by reason of the conduct of the Defendants. Defendants' conduct was not the proximate cause of any injury to the Plaintiff. Plaintiff's alleged damages, if any, are the result of his own conduct or the conduct of others beyond Defendants' control and for whom Defendants are not legally responsible. Plaintiff has failed to mitigate his damages as required by law. Plaintiff's claims for equitable relief are barred by the doctrines of laches and unclean hands. Plaintiff's request for an injunction barring publication of information by the Defendants (a/k/a a "prior restraint") is barred by the First Amendment to the Constitution of the United States.**

(3)     Statement of Jurisdiction (including statutory citations);

**Diversity jurisdiction under 28 U.S.C. § 1332(a)(1).**

(4)     Summary of Factual Stipulations or Agreements;

**None (at this time).**

(5)     Statement of whether jury trial has been timely demanded by any party;

**Both parties have timely demanded a jury trial.**

(6)     If the parties would like the case resolved under the Rules of Procedure for Expedited Trials of the United States District Court, a statement of the parties' agreement.

**The parties do not seek an expedited trial.**

## B. DISCOVERY DEADLINES AND LIMITS

1. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **Friday, June 17, 2011**.

2. All motions which seek to amend the pleadings or to add parties must be filed and served on or before **Monday, January 2, 2012**.

3. Fact discovery shall be commenced in time to be completed on or before **Friday, January 20, 2012**.

4. No more than a total of **twenty-five (25)** interrogatories, counted in accordance with Rule 33(a), shall be served by each side. No more than **thirty (30)** document requests and no more than **thirty (30)** requests for admissions shall be served by each side.

5. No more than **ten (10)** depositions, excluding expert witness depositions, shall be taken by each side.

6. Non-dispositive motions and supporting documents, including those which relate to fact discovery, shall be filed and served on or before **Monday, February 6, 2012**.

7. Each side may call up to **two (2)** expert witnesses. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

   a. Identities/areas of expertise by Plaintiff on or before **Friday, September 2, 2011**.
   Reports by Plaintiff on or before **Friday, October 14, 2011**.

   b. Identities/areas of expertise by Defendant on or before **Friday, November 18, 2011**
   Reports by Defendant on or before **Monday, January 2, 2012**.

   c. Any rebutal expert report by the Plaintiff on or before **Monday, January 16, 2012**.

8. Each side may take one deposition per expert. Expert discovery, including depositions, shall be completed by **Monday, February 6 2012**. All non-dispositive motions and supporting documents, which relate to expert discovery shall be filed and served on or before **Monday, February 6, 2012**.

9.  No more than **n.a.** Rule 35 medical examinations shall be taken on or before **n.a.**.

## C. PROTECTIVE ORDER

If either party believes a Protective Order is necessary, the parties shall jointly submit a proposed Protective Order. The parties are encouraged, though not required, to use Form 6 to the Local Rules as a template for the proposed Protective Order, they shall present with this report any issues of disagreement. The Court shall endeavor to resolve any issues relating to the Protective Order in connection with the pretrial conference.

    For Plaintiff:    **n.a.**

    For Defendants:    **n.a.**

## D. INSURANCE CARRIERS/INDEMNITORS

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insure.

    For Plaintiff:    **None**.

    For Defendants:    **The Associated Press has an insurance policy, issued by Executive Risk Indemnity, Inc., with a coverage limit of $ 5,000,000 for each claim.**

## E. DISPOSITIVE MOTION SCHEDULE

The parties recommend that dispositive motions be filed and served on or before **Monday, February 20, 2012**. For those cases assigned to Judges Magnuson, Kyle and Schiltz, this dispositive motion deadline will be for the filing, serving and hearing of the motion.

## F. TRIAL-READY DATE

The parties agree that the case will be ready for ~~bench~~/**jury** trial on or after **the week of Monday, March 12, 2012** if no dispositive motion is pending. The expected length of trial is **two-three (2-3) days.**

## G. SETTLEMENT

(1) The parties will discuss settlement before **June 1, 2011**, the date of the initial pretrial conference, by the plaintiff making a written demand for settlement and each defendant making a written response/offer to the plaintiff's demand.

(2) The parties believe that a settlement conference is appropriate and should be scheduled by the Court before **Friday, December 2, 2011**.

(3) The parties have discussed whether alternative dispute resolution (ADR) will be helpful to the resolution of this case and recommend the following to the Court: **None**.

## H. TRIAL BY MAGISTRATE JUDGE

The parties ~~have~~/**have not** agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent should be filed with the Rule 26(f) Report.)

FOR PLAINTIFF:        Respectfully submitted:

Dated: May 23, 2011    By:  /s/ *Nick Granath*

Nicholas P. Granath, Esq. (MN Lic. No. 198729)
ngranath@ssmplaw.com
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
2915 Wayzata Blvd.
Minneapolis, MN 55405
Tel. 612 341-9080
Fax 612 341-9079

Lucas K. Middlebrook, Esq. (pro hac vice)
Lmiddelbrook@ssmplaw.com
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, NY 10601
Tel. (914) 997-1346
Fax (914) 997-7125

FOR DEFENDANTS:

Dated: May 23, 2011                     Respectfully submitted:

                                        By: /s/ *John P. Borger*

                                        John P. Borger, MN #9878
                                        Leita Walker, MN #387095
                                        FAEGRE & BENSON, LLP
                                        90 South 7th Street, Suite 2200
                                        Minneapolis, Minnesota 55402
                                        Telephone: (612) 766-7000
                                        FAX: (612) 766-1600
                                        jborger@faegre.com

                                        David A. Schulz (pro hac vice)
                                        LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
                                        321 West 44th Street, Suite 510
                                        New York, New York 10036
                                        Telephone: (212) 850-6100
                                        FAX: (212) 850-6299
                                        dschulz@lskslaw.com

                                        Steven D. Zansberg (pro hac vice)
                                        LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
                                        1888 Sherman Street, Suite 370
                                        Denver, Colorado 80203
                                        Telephone: (303) 376-2400
                                        FAX: (303) 376-2401
                                        szansberg@lskslaw.com