# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIAM H. SPOONER,<br>an individual<br><br>        Plaintiff,<br><br>v.<br><br>THE ASSOCIATED PRESS, INC.,<br>a New York not-for-profit corporation<br>      and<br>JON KRAWCZYNSKI,<br>an individual,<br><br>        Defendants. | Case No. 0:11-cv-00642-JRT-JJK<br><br>**STIPULATION FOR PROTECTIVE ORDER** |

The parties, acting through their respective undersigned attorneys, hereby stipulate to entry of an order pursuant to Fed. R. Civ. P. 26(c)(G) that trade secret or other confidential information be disclosed only in designated ways, as follows:

1. As used in the Protective Order, these terms have the following meanings:

   "Attorneys" means counsel of record;

   "Confidential" documents are documents designated pursuant to paragraph 2;

   "Documents" are all materials within the scope of Fed. R. Civ. P. 34 and FRE 1001(1);

   "Written Assurance" means an executed document in the form attached as Exhibit A.

2. By identifying a document "Confidential", a party may designate any document, including interrogatory responses, other discovery responses, or transcripts, that it in good faith contends to constitute or contain trade secret or other confidential information

(including unpublished journalistic information protected by Minn. Stat. § 595.023).  If documents are sought by release or authorization, then the party providing the release or authorization may designate that any documents obtained pursuant to the release or authorization are "Confidential." A party may designate "Confidential" according to this paragraph at any time prior to the final judgment in this matter, regardless of when produced, unless the material has previously been filed or used in court, not under seal.

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in paragraph 4. Prohibited purposes include, but are not limited to, use for competitive purposes, or the prosecution of intellectual property rights, or the prosecution of any additional civil claims by or against any person.

4. Access to any Confidential document shall be limited to:

(a) the Court and its officers;

(b) Attorneys and their office associates, legal assistants, and stenographic and clerical employees, including independent contractors working for the law firm such as a private investigative firm; plaintiff Spooner; defendant Krawcynski; a designated person by defendant The Associated Press, Inc.;

(c) persons shown on the face of the document to have authored or received it;

(d) court reporters retained to transcribe testimony;

(e) these inside counsel:  David Tomlin; Karen Kaiser;

(f) outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action;

(g) persons currently or formerly employed by or otherwise associated with any party who are designated to give testimony in this action, or designated to participate in settlement negotiations, or preparation for the same, in this action.

5. Third parties producing documents in the course of this action may also designate documents as "Confidential", subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 15 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6. Each person appropriately designated pursuant to paragraph 4(f) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 10 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such

disclosure within 10 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

7.   All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents.  Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 10 days of receipt of the transcript.  Unless otherwise agreed, depositions shall be treated as "Confidential" during the 10-day period following receipt of the transcript.  The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

8.   Any party who inadvertently fails to identify documents as "Confidential" shall have 10 days from the discovery of its oversight to correct its failure.  Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents.  Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

9.   Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned.  The receiving party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request.  The party returning such inadvertently produced

documents may thereafter seek re-production of any such documents pursuant to applicable law.

10. If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Minnesota. Prior to disclosure at trial or a hearing of materials or information designated "Confidential", the parties may seek further protections against public disclosure from the Court. If no protection is sought by the party who has designated the materials or information as "Confidential" then it will be presumed that the trial or hearing is public, and that the materials or information can be discussed with the Court and/or jury, on the Record.

11. Any party may request a change in the designation of any information designated "Confidential". Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

12. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party, or third party, as "Confidential" and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall

provide a certification as to such return or destruction as within the 60-day period, upon request.  Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action.  Prior to termination of this action, any attorney for any party may apply to the Court for permission to retain a file copy of one or more documents designated by the opposing party as "Confidential" and/or extracts and/or data taken from such documents; the attorney making such an application must make a showing of exceptional circumstances of the action that warrant retention of a file copy.

13.   Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

14.   No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

15.   The obligations imposed by the Protective Order shall survive the termination of this action.  Within 60 days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall remove any materials designated "Confidential" from the office of the Clerk of Court.  Following that 60-day period, the Clerk of Court shall destroy all "Confidential" materials.

Stipulated to:

Dated: July 26, 2011

By: *s/ John P. Borger*
John P. Borger, MN #9878
Leita Walker, MN #387095
FAEGRE & BENSON, LLP
90 South 7th Street, Suite 2200
Minneapolis, Minnesota  55402
Telephone:  (612) 766-7000
FAX:  (612) 766-1600
jborger@faegre.com

David A. Schulz (*pro hac vice*)
LEVINE SULLIVAN KOCH &
SCHULZ, L.L.P.
321 West 44th Street, Suite 510
New York, New York  10036
Telephone:  (212) 850-6100
FAX:  (212) 850-6299
dschulz@lskslaw.com

Steven D. Zansberg (*pro hac vice*)
LEVINE SULLIVAN KOCH &
SCHULZ, L.L.P.
1888 Sherman Street, Suite 370
Denver, Colorado 80203
Telephone: (303) 376-2400
FAX: (303) 376-2401
szansberg@lskslaw.com

**Attorneys for Defendants The Associated Press and Jon Krawczynski**

Dated: July 26, 2011                    By: *s/Nicholas P. Granath*
                                        Nicholas P. Granath, MN #198729
                                        SEHAM, SEHAM, MELTZ &
                                        PETERSEN, LLP
                                        2915 Wayzata Blvd.
                                        Minneapolis, MN 55405
                                        Telephone:  (612) 341-9080
                                        FAX:  (612) 341-9079
                                        ngranath@ssmplaw.com

                                        Lucas K. Middlebrook (*pro hac vice*)
                                        lmiddelbrook@ssmplaw.com
                                        Susan T. Edwards (*pro hac vice*)
                                        sedwards@ssmplaw.com
                                        SEHAM, SEHAM, MELTZ &
                                        PETERSEN, LLP
                                        445 Hamilton Avenue, Suite 1204
                                        White Plains, NY 10601
                                        Telephone:  (914) 997-1346
                                        FAX:  (914) 997-7125

fb.us.7070808.02

**EXHIBIT A**
**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____in the city of _____ , county of _____ , state of _____ ;

I am currently employed by _____ located at _____and my current job title is _____.

I have read and believe I understand the terms of the Protective Order dated _____ , filed in Civil Action No. _____, pending in the United States District Court for the District of Minnesota.  I agree to comply with and be bound by the provisions of the Protective Order.  I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order.  I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District

of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____     _____

                   (Date)                                   (Signature)