# EXHIBIT A

Case No. 11cv00642 JRT/JJK

JOINT STIPULATION OF VOLUNTARY DISMISSAL
WITH PREJUDICE

Settlement Agreement

## SETTLEMENT AGREEMENT

SETTLEMENT AGREEMENT made this 6th day of December 2011, by and William H. Spooner (hereinafter referred to as "Plaintiff" or "Spooner"), and Jon Krawczynski and The Associated Press, Inc. (hereinafter referred to as "Defendants"):

## W I T N E S S E T H:

WHEREAS, Plaintiff heretofore commenced an action in the United States District Court for the District of Minnesota against Defendants; Case Number: 11-CV-00642 (the "Lawsuit") relative to Defendants' Twitter publication; and

Predicated upon the foregoing and as settlement for the Lawsuit, the parties herein mutually agree as follows:

1) Defendants agree to remove said January 24, 2011 tweet from Mr. Krawczynski's Twitter account (located at url: http://twitter.com/#!/apkrawczynski).

2) Defendant AP will issue a "joint statement" of the parties on or near the same date that Plaintiff acts to withdraw this action, which Plaintiff shall be free to re-publish or disclose publicly, stating:

> "AP and its reporter Jon Krawczynski learned through discovery that referee Bill Spooner and coach Kurt Rambis have both consistently and independently denied that Mr. Spooner told the coach "he'd get it back" in an exchange that occurred after a disputed call against the Timberwolves on January 24, 2011, as Mr. Krawczynski had tweeted from courtside that night. Mr. Spooner has testified that he instead told the coach he would "get back" to him after reviewing videotape of the play during a halftime break. The NBA conducted a private investigation at the time, which AP was initially unaware of, and concluded that Mr. Spooner had acted properly. AP does not contest the NBA's finding.
>
> During the game, Mr. Krawczynski tweeted what he believed he had heard. Mr. Krawczynski acknowledges the possibility that he misunderstood what Mr. Spooner said and has therefore removed the Tweet from his AP Krawczynski Twitter feed."

3) Defendants hereby agree to pay to Plaintiff, and Plaintiff will accept, the sum of twenty thousand dollars, ($20,000.00) for Plaintiffs' costs of litigation: to be payable to Seham, Seham, Meltz & Petersen, LLP, as attorneys for Plaintiff within ten (10) calendar days after Plaintiff acts to withdraw the Lawsuit.

4) Plaintiff agrees to voluntarily dismiss his lawsuit, with prejudice, against all Defendants, pursuant to a stipulation of the parties and in accordance with Federal Rule of Civil Procedure 41. The Parties agree that the terms of this Agreement will be attached as an exhibit to the Rule 41 stipulation and incorporated by reference therein.

5) By execution of this Agreement, Plaintiff authorize payment of all sums herein above set forth by check issued to "Seham, Seham, Meltz & Petersen, LLP, as Attorneys", and agrees to accept same as having been a remittance made consistent with the disposition herein.

6) By execution of this Agreement, the parties acknowledge that they have had a full and fair opportunity to consult with attorneys of their choice in connection therewith, and that they understand all of its terms and execute it voluntarily and with the full knowledge of its significance and consequences.

7) The parties each herein covenant that they execute this Agreement of their own free volition, without duress, undue influence or coercion having been imposed upon them. The parties further hereby covenant by execution of this Agreement that they value the provisions to be fair and reasonable, and that they have each been represented by independent counsel of their own choosing.

8) The parties understand and agree that the terms and conditions of this Agreement constitute the complete understandings, agreements, and promises of the parties, and there are no oral or written understandings, agreements, promises, or inducements made or offered other than those expressly set forth in writing in this Agreement and Release.

9)   This Agreement and Release shall be governed by, and construed in accordance with, the laws of the State of Minnesota.

10)   If any provision of this Agreement and Release or application thereof to anyone or under any circumstances is adjudicated to be invalid or unenforceable in any jurisdiction, such invalidity or uneforceability shall not affect any other provision or application of this Agreement and Release which can be given effect without the invalid or unenforceable provision or application and shall not invalidate or render unenforceable such provision or application in any other jurisdiction.

11)   This Agreement may be executed in one or more counterparts, including facsimile copies thereof, each of which shall be deemed an original, and all of which together shall constitute one and the same document.  Signatures transmitted by email, facsimile or by other form of electronic transmission shall be treated as originals.

12)   Failure of any party to demand strict compliance with any of the terms, conditions or covenants of this Agreement and Release shall not be deemed a waiver of such terms, conditions or covenants, nor shall any waiver or relinquishment by either party of any right or power hereunder at any one time or more times be deemed a waiver or relinquishment of such right or power at any other time or times.

13)   No modification, amendment, or waiver of any of the provisions contained in this Agreement and Release, or any future representation, promise, or condition in connection with the subject matter of this Agreement and Release, shall be binding upon any Party to this Agreement and Release unless made in writing and signed by such Party or by a duly authorized officer or agent of such Party.

14)   Any notice required to be given hereunder shall be deemed to be sufficient if given in writing and sent by electronic mail ("e-mail") or overnight courier, as follows:

*If to Plaintiffs:*

Nicholas P. Granath, Esq.
Seham, Seham, Meltz & Petersen, LLP
2915 Wayzata Blvd.
Minneapolis, MN 55404
Email: ngranath@ssmplaw.com

*If to Defendants:*

David A. Schulz, Esq.
Levine, Sullivan, Koch & Shulz, LLP
321 West 44th Street, Suite 510
New York, New York 10036
Email: dschulz@lskslaw.com

In the event of a change in any of the parties' above addresses and/or fax numbers, such party shall notify the other party in writing within ten (10) days of the change of address.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have duly executed and delivered this Agreement and Release on the date(s) written below.

Plaintiff

*[signature]*

William H. Spooner
Date: 12-4-11

Defendants

_____
Jon Krawczynski
Date: _____


_____
**Associated Press, Inc.**
By:

Date: _____

| | |
|---|---|
| *If to Plaintiffs:* | *If to Defendants:* |
| Nicholas P. Granath, Esq.<br>Seham, Seham, Meltz & Petersen, LLP<br>2915 Wayzata Blvd.<br>Minneapolis, MN 55404<br>Email: ngranath@ssmplaw.com | David A. Schulz, Esq.<br>Levine, Sullivan, Koch & Shulz, LLP<br>321 West 44th Street, Suite 510<br>New York, New York 10036<br>Email: dschulz@lskslaw.com |

In the event of a change in any of the parties' above addresses and/or fax numbers, such party shall notify the other party in writing within ten (10) days of the change of address.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have duly executed and delivered this Agreement and Release on the date(s) written below.

Plaintiff

_____
William H. Spooner

Date: _____

Defendants

_____
Jon Krawczynski

Date: 12·6·11

_____
Associated Press, Inc.
By: LAURA MALONE

Date: 12·6·11